```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DEMETRAS SCOTT,                     :
                                    :
            Plaintiff,              :   04 Civ. 4107(MBM)
                                    :   OPINION AND ORDER
    -against-                       :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Defendant.              :
-----------------------------------X
```

APPEARANCES:

JOEL B. SAVIT, ESQ.
(Attorney for plaintiff)
DALLI & MARINO
21 Mineola Blvd.
Mineola, NY 11501
(516) 292-4700

MICHAEL J. GARCIA, ESQ.
United States Attorney for the
Southern District of New York
MELANIE HALLUM, ESQ.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-1579

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Demetras Scott sues the United States of America (the "Government") under the Federal Tort Claims Act, 28 U.S.C. § 1346 (2000), alleging that the Government caused her to fall and injure herself by negligently maintaining the sidewalk in front of the United States Post Office at 1950 Layfayette Avenue, Bronx, New York (the "Post Office"). (Compl. ¶¶ 5, 15-17, Scott Dep. at 33) The Government moves for summary judgment under Federal Rule of Civil Procedure 56(c). For the reasons set forth below, the Government's motion is granted.

I.

The following facts, viewed in the light most favorable to Scott, are relevant to this opinion.

The Post Office is open to the public and the Government owns, operates, and maintains the walkways located at and adjacent to it. (Compl. ¶¶ 6-12) On August 14, 2002 at 3:45 p.m., Scott caught her right toe on the sidewalk adjacent to the Post Office, tripped, fell to the ground, and was injured. (Compl. ¶¶ 13-17; Scott Dep. at 25, 32) After Scott fell, she noticed that the sidewalk segment upon which she caught her toe was higher than the adjoining segment. (Scott Dep. at 33) She had never noticed previously that the two sidewalk segments were not perfectly flush. (Scott Dep. at 33) The height differential

between the sidewalk segments was approximately one half inch to one inch. (Scott Decl. ¶ 5) A photograph of the sidewalk has a tape measure showing the height differential to be more than a quarter inch. (Scott Decl. ¶ 6)

The Post Office is located two blocks from Scott's home, and she went to the Post Office "about twice a month" during the year before her accident. (Scott Dep. at 25, 27-28) She had no previous problems or accidents at the Post Office (Scott Dep. at 28), and the condition of the Post Office sidewalk did not change from 2000 to 2002. (Government's Rule 56.1 Statement ¶ 16) On the afternoon of Scott's accident, the sun was shining, Scott was not wearing sunglasses, and there were no people walking around her. (Scott Dep. at 31) Additionally, the sidewalk was clear of snow, ice, sand, or any other kind of debris. (Medina Decl. ¶ 6) Scott does not claim that anything other than the height differential between the sidewalk segments caused her to fall. (Scott Dep. at 31-32) As a result of her fall, Scott fractured her right shoulder, injured her right wrist, and injured her right knee. (Def. Ex. D, Claim for Damage, Injury, or Death) On October 31, 2003, Scott served a Standard Form 95 Claim for Damage, Injury, or Death on the Government seeking compensation for her injuries. (Compl. ¶ 23; Pl. Ex. D) On January 12, 2004, the Government denied Scott's claim. (Compl. ¶ 24) On May 25, 2004, Scott filed the current action against the

2

Government seeking $1,000,000 in damages.

II.

New York law controls because the Government's liability for negligence in claims brought under the Federal Tort Claims Act is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see Molzof v. United States, 502 U.S. 301, 305 (1992). Although, under New York law, the issue of whether a dangerous or defective condition exists is usually a jury question, Maloid v. New York State Elec. & Gas Corp., 257 A.D.2d 712, 713, 682 N.Y.S.2d 976, 977 (3rd Dep't 1999), "in some instances, the trivial nature of the defect may loom larger than another element" such that "[n]ot every injury allegedly caused by an elevated brick or slab need be submitted to a jury." Trincere v. County of Suffolk, 90 N.Y.2d 976, 977, 665 N.Y.S.2d 615 (1997). New York courts recognize that "the owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection." Guerrieri v. Summa, 193 A.D.2d 647, 647, 598 N.Y.S.2d 4 (2nd Dep't 1993) (internal quotation marks omitted). In determining whether a walkway defect is trivial, the court must consider "the peculiar facts and circumstances of each case, including the width, depth, elevation, irregularity,

3

and appearance of the defect as well as the time, place, and circumstances of the injury." Tesak v. Marine Midland Bank, 254 A.D.2d 717, 717-18, 678 N.Y.S.2d 226 (4th Dep't 1998).

Although there is no "minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable," Trincere, 90 N.Y.2d at 977, generally, a height differential of less then one inch, without any other circumstantial factors contributing to the injury, is non-actionable. See Morales v. Riverbay Corp., 226 A.D.2d 271, 271, 641 N.Y.S.2d 276 (1st Dep't 1996) ("[D]ifferences in elevation of about one inch, without more . . . [are] non-actionable."); Murray v. City of New York, 15 A.D.3d 636, 637, 790 N.Y.S.2d 696 (2nd Dep't 2005) (finding one-half inch height differential between sidewalk segments non-actionable); Dick v. Gap, Inc., 16 A.D.3d 615, 615, 792 N.Y.S.2d 194 (2nd Dep't 2005) (finding less then two-inch sidewalk height differential non-actionable when sidewalk had mild foot traffic, the weather was clear, and nothing obstructed the sidewalk); Trionfero v. Vanderhorn, 6 A.D.3d 903, 903-904, 774 N.Y.S.2d 612 (3rd Dep't 2004) (finding 5/8 to 7/8 of an inch height differential between sidewalk segments on an uncrowded sidewalk in fair weather non-actionable); Riser v. New York City Hous. Auth., 260 A.D.2d 564, 564, 688 N.Y.S.2d 645 (1999) (holding one-inch height differential between sidewalk segments non-actionable); Maloid,

4

257 A.D.2d at 713 (holding one half to three quarters inch height differential between sidewalk and steel grate that was visible to pedestrians non-actionable); Trincere, 90 N.Y.2d at 127 (holding a more than half inch height differential between sidewalk segments non-actionable); Lopez v. New York City Hous. Auth., 245 A.D.2d 273, 273, 666 N.Y.S.2d 21 (2nd Dep't 1997) (holding three quarter inch height differential between two pieces of pavement non-actionable); Guerrieri, 193 A.D.2d at 648 (finding a metal strip under three quarters of an inch high on a barroom floor non-actionable). As the height differential between the sidewalk segments at the Post Office was one inch or less and it was not irregular, hidden from view, or otherwise compounded by the time, place, or circumstances of the accident, the alleged defect was trivial and the Government is not liable for Scott's injuries.

Scott cites many New York Appellate Division cases for the proposition that a height differential of less than one inch is not trivial, but her argument fails because each case upon which she relies is easily distinguished from her claim. Scott alleges that the agreed-upon height differential between the sidewalk segments was the only cause of the injury she suffered when, on a sunny, summer afternoon, she tripped on an uncrowded, unobstructed sidewalk on which she walked twice a month (Scott Dep. at 31-32), yet, in all of the cases upon which she relies, the height differential either was disputed or was not the only

factor responsible for the injury. See e.g., Wilson v. Time Warner Cable, Inc., 6 A.D.3d 801, 801-802, 774 N.Y.S.2d 584 (3rd Dep't 2004) (upholding denial of summary judgment when parties disagree over whether the sidewalk gap was one quarter to one half inch high or one and one half to one and three quarters inches high); Gray v. New York City Transit Auth., 12 A.D.3d 638, 638-639, 785 N.Y.S.2d 125 (2nd Dep't 2004) (finding significant wear along edge of stairway steps in a subway station non-trivial); Tineo v. Parkchester S. Condo., 304 A.D.2d 383, 383, 759 N.Y.S.2d 9 (1st Dep't 2003) (finding triable issue of fact when "wide-cracked, depressed, sunken and uneven" depression was three-quarters of an inch deep and two feet wide); McKenzie v. Crossroads Arena, LLC, 291 A.D.2d 860, 861, 738 N.Y.S.2d 779 (4th Dep't 2002) (finding three quarter-inch height differential between sidewalk segments non-trivial when it was abrupt and in a dimly lit area on a misty night); Glickman v. City of New York, 297 A.D.2d 220, 221, 746 N.Y.S.2d 24 (1st Dep't 2002) (finding shallow depression in a busy parking non-trivial); Cela v. Goodyear Tire & Rubber Co., 286 A.D.2d 640, 640-641, 730 N.Y.S.2d 323 (1st Dep't 2001) (finding potential basis of liability for a one to two foot long sidewalk crack with an irregular zig-zag like depression and sharp edges); Smith v. A.B.K. Apartments, Inc., 284 A.D.2d 323, 323, 725 N.Y.S.2d 672 (2nd Dep't 2001) (finding four foot square, three quarter to one inch deep

depression designed to hold a missing floor mat non-trivial); Argenio v. Metro. Transp. Auth., 277 A.D.2d 165, 165-66, 716 N.Y.S.2d 657 (1st Dep't 2000) (finding two inch wide, two inch long, one quarter inch deep walkway depression in crowded pedestrian walkway in Grand Central Station actionable); Sanna v. Wal-Mart Stores, Inc., 271 A.D.2d 595, 595, 706 N.Y.S.2d 156 (2nd Dep't 2000) (holding one half inch dip in a carpeted floor non-trivial, because area of missing carpet similar in color to the adjacent carpeted area and it was located in a dimly-lit cart corral in a retail store); Nin v. Bernard, 257 A.D.2d 417, 417-18, 683 N.Y.S.2d 237 (1st Dep't 1999) (holding less than an inch deep depression not trivial because it had sharp edges and was located on the top step of a steep stairwell).

As Scott points only to a less-than-one-inch height differential as the cause of her accident and that accident took place on a clear, sunny day on an uncrowded, unobstructed sidewalk she had walked on before without incident, the defect is trivial as a matter of law and the Government's motion for summary judgment is granted.

*          *          *

For the reasons set forth above, defendant's motion for summary judgment is granted and the complaint is dismissed.

SO ORDERED:

_(signature)_

Dated: New York, New York
      February 9, 2006

Michael B. Mukasey
U.S. District Judge